Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALFRÉ, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SHEIN FASHION GROUP, INC, a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br>3. VIOLATION OF SECTION 1202 OF THE COPYRIGHT ACT<br><br>Jury Trial Demanded |

VALFRÉ, LLC ("VALFRE") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

- 1 -

COMPLAINT

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4.  Plaintiff VALFRE is a California limited liability company.

5.  Plaintiff is informed and believes and thereon alleges that Defendant SHEIN FASHION GROUP, INC. ("SHEIN"), a California corporation with a principal place of business located at 345 North Baldwin Park Blvd., City of Industry, CA 91746.

6.  Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-4, inclusive, are manufacturers, and/or vendors (and/or agent or employee of manufacturers or vendors) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

7.  Defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein, including but not limited to retail stores and others who have sold the garments at issue in this case. The true names, whether corporate, individual or otherwise, of Defendants 5 through 10, inclusive, are presently

unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.   Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO VALFRE'S DESIGNS

9.    Prior to the conduct complained of herein, Plaintiff created two original two-dimensional artworks entitled *La Clique, Cold Bitch Brew, Goodbye Saturn, La Luna,* and *Get Lost* ("Subject Artworks").

10. The Subject Artworks are original creations of Plaintiff, and are, and at all relevant times, were owned exclusively by Plaintiff.

11. Plaintiff has submitted registration applications for all Subject Artworks to the United States Copyright Office with all formalities satisfied.

12. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, SHEIN and certain DOE Defendants created, sold, manufactured, caused to be manufactured, and distributed garments comprised of fabric featuring designs which are identical, or substantially similar, to Subject Artworks (hereinafter "Subject Products") without Plaintiff's authorization. Such Subject Products includes, but are not limited to, garments sold on information and belief by SHEIN.

13. An image of the Subject Artwork and a non-inclusive exemplar of the Subject Products found on SHEIN's online retail website is set forth hereinbelow:

| VALFRE | SUBJECT PRODUCTS |
|--------|------------------|
|  | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







COMPLAINT



### **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

14. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Artworks, including, without limitation, through (a) access to Plaintiff's online platforms; (b) access to commissioned artworks, its products, or illegally distributed copies of the Subject Artworks by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas factories or mills; (c) access to Plaintiff's materials and samples.

16. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Artworks in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Artworks, or were an illegal derivation or modification thereof.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Artworks and by producing, distributing and/or selling garments which infringe the Subject Artworks through a nationwide network of retail stores, catalogues, and through on-line websites.

18. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

19. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artworks. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Artworks in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

COMPLAINT

21. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Artworks as alleged herein.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

24. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

25. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Artworks, in an amount to be established at trial.

## **THIRD CLAIM FOR RELIEF**

(Violation of 17 U.S.C. §1202 – Against All Defendants)

26. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 et seq. by intentionally removing Plaintiff's attribution and copyright management information from the products at issue. Defendants, and each of them, engaged in the above acts in creating the infringing works at issue in this case, and then distributed the misattributed copies of these works to the public.

28. Defendants, and each of them, removed and/or altered the attribution and copyright management information and distributed the misattributed copies with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributed and publicly displayed the infringing copies knowing that the copyright management information had been removed without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under 17 U.S.C. § 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of certain rights under this title.

29. Defendants, and each of them, removed Plaintiff's authorship and designated titled for her Subject Artworks in violation of this statute before publishing unauthorized copies to the public.

30. A non-inclusive example of the removal of Plaintiff's authorship designated title, can be seen in the comparison below:

///
///

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

**Subject Artwork Display**



**Mislabeled Artwork**



20      31. The above conduct is in violation of the Digital Millennium Copyright Act

21  and exposes Defendants, and each of them, to additional and enhanced common law

22  and statutory damages and penalties, including in the form of Plaintiff's costs and

23  attorneys' fees, pursuant to 17 USC § 1203 and other applicable law.

24      32. Plaintiff is informed and believes and thereon alleges that Defendants, and

25  each of their, conduct as alleged herein was willful, reckless, and/or with knowledge,

26  and Plaintiff resultantly seeks enhanced damage and penalties.

27

28

COMPLAINT

# **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

## **Against All Defendants**

### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Artworks;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

c. That Plaintiff, if by elected before final judgement, be awarded statutory damages as available under 17 U.S.C §1202;

d. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

e. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. §1203 and to any other extent available;

f. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

- 11 -

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 2, 2018          By:     */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

- 12 -

COMPLAINT